UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
 ------------------------------------------------------------X
LITTMAN KROOKS LLP, on behalf of,
T.C. individually and on behalf of T.C., and
J.C. individually and on behalf of K.C., and
E.C. individually and on behalf of K.C., and
O.D. individually and on behalf of J.M., and
E.G. individually and on behalf of M.G., and
R.G. individually and on behalf of A.G., and
J.H. individually and on behalf of L.S.3, and
N.H. individually and on behalf of N.H., and
M.K. individually and on behalf of J.K., and
M.M. individually and on behalf of I.R., and
M.M. individually and on behalf of C.P., and
T.N. individually and on behalf of H.N., and
C.P. individually and on behalf of G.P.S., and
J.P individually and on behalf of U.P., and
G.P. individually and on behalf of A.P., and
R.R. individually and on behalf of J.R., and
J.R. individually and on behalf of D.P., and
Y.R. individually and on behalf of S.M.R., and
S.S. individually and on behalf of A.S., and
C.T. individually and on behalf of M.T., and
I.V. individually and on behalf of E.G., and
I.Y. individually and on behalf of R.Y.

|  |  |
|---|---|
| Plaintiffs, | **COMPLAINT** |
| -against- | **Index No. 1:22-cv-5339** |

New York City Department of Education,
Defendant.
 ------------------------------------------------------------X
Littman Krooks, LLP, individually and on behalf of T.C., J.C., E.C., O.D., E.G., R.G., J.H.,

N.H., M.K., M.M., M.M., T.N., C.P., J.P., G.P., R.R., J.R., Y.R., S.S., C.T., I.V., and I.Y., all

Parents or Legal Guardians of students with disabilities, for their Complaint, hereby allege:

1.      This is an action pursuant to the fee shifting provisions of the Individuals the Individuals

with Disabilities Education Improvement Act ("IDEIA"), 20 U.S.C. § 1415(i)(3), to recover

attorneys' fees and costs that Plaintiffs T.C., J.C., E.C., O.D., E.G., R.G., J.H., N.H., M.K., M.M.,

M.M., T.N., C.P., J.P., G.P., R.R., J.R., Y.R., S.S., C.T., I.V., and I.Y. ("Plaintiffs" or "Parents")

incurred in connection with administrative proceedings brought individually and  behalf of their

children, *inter alia*, , 20 U.S.C. 1400 *et seq*. ("Defendant" or "Defendant") and which such

Plaintiffs assigned to Plaintiff Littman Krooks LLP.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction over Plaintiffs' federal claim for an award of reasonable

attorneys' fees to a prevailing party in an administrative proceeding under the IDEIA, pursuant to

20 U.S.C. 1415(i)(3)(A), and as an action raising a federal question under 28 U.S.C. 1331.[1]

3.    Venue is proper pursuant to 28 U.S.C. 1391(b)(2) in that Plaintiffs and Defendant all reside

in or are situated within this judicial Defendant.

## THE PARTIES

4.    Plaintiff  T.C. is a student with a disability pursuant to 20 U.S.C. § 1401 (3)(A).  She has

been classified by the Defendant as a student with an Autism.

5.    Plaintiff T.C. is T.C.'s ("T.C." or "Student") parent.

6.    Plaintiff K.C. is a student with a disability pursuant to 20 U.S.C. § 1401 (3)(A).  He has

been classified by the Defendant as a student with an Speech or Language Impairment.

7.    Plaintiff J.C. is K.C.'s ("K.C." or "Student") parent.

---

[1]    The IDEA attorney's fees provision, as set forth at  § 20 U.S.C. § 1415(i)(3) serves the important
public purpose of helping to ensure that  parents of students with disabilities to have access to attorneys
without regard to income.   Congress also recognized that parents of  students with disabilities perform an
important public service  by essentially acting as private attorneys general and bringing IDEA claims to
enforce the statute. *See generally*  S. REP. NO. 99-112.  Due process hearings can also help identify service
gaps and problems for school districts. *See* Kevin Lanigan et al., "Nasty, Brutish . . . and Often Not Very
Short: The Attorney Perspective on Due Process," in RETHINKING SPECIAL EDUCATION FOR A
NEW CENTURY (Chester Finn et al., eds., 2001) at 225. *See* Daggett, Lynn, "*Special Education Attorney's
Fees: of Buchannan*, the IDEA Reauthorization Bills and the IDEA as Civil Rights Statute,"  8:1 UC Davis
Journal of Juvenile Law & Policy at 8, fn 39.

8.    Plaintiff K.C. is a student with a disability pursuant to 20 U.S.C. § 1401 (3)(A).   She has been classified by the Defendant as a student with Autism.

9.    Plaintiff E.C. is K.C.'s ("K.C." or "Student") parent.

10.    Plaintiff J.M. is a student with a disability pursuant to 20 U.S.C. § 1401 (3)(A).   She has been classified by the Defendant as a student with a Learning Disability.

11.    Plaintiff O.D. is J.M.'s ("J.M." or "Student") parent.

12.    Plaintiff M.G. is a student with a disability pursuant to 20 U.S.C. § 1401 (3)(A).  He has been classified by the Defendant as a student with a Learning Disability.

13.     Plaintiff E.G. is M.G.'s ("M.G" or "Student") parent.

14.    Plaintiff A.G. is a student with a disability pursuant to 20 U.S.C. § 1401 (3)(A).  She has been classified by the Defendant as a student with Autism.

15.     Plaintiff R.G. is A.G.'s ("A.G" or "Student") parent.

16.    Plaintiff L.S.3 is a student with a disability pursuant to 20 U.S.C. § 1401 (3)(A).  He has been classified by the Defendant as a student with Autism.

17.     Plaintiff J.H. is L.S.3's ("L.S.3" or "Student") parent.

18.    Plaintiff N.H. is a student with a disability pursuant to 20 U.S.C. § 1401 (3)(A).   He has been classified by the Defendant as a student with Autism.

19.    Plaintiff N.H. is N.H.'s ("N.H." or "Student") parent.

20.    Plaintiff J.K. is a student with a disability pursuant to 20 U.S.C. § 1401 (3)(A).  He has been classified by the Defendant as a student with a Speech Language Impairment.

21.     Plaintiff M.K. is J.K.'s ("J.K" or "Student") parent.

22.    Plaintiff I.R. is a student with a disability pursuant to 20 U.S.C. § 1401 (3)(A).   She has been classified by the Defendant as a student with Speech or Language Impairment.

23.    Plaintiff M.M. is I.R.'s ("I.R." or "Student") parent.

24.    Plaintiff C.P. is a student with a disability pursuant to 20 U.S.C. § 1401 (3)(A).   He has been classified by the Defendant as a student with a Learning Disability.

25.    Plaintiff M.M. is C.P.'s ("C.P." or "Student") parent.

26.    Plaintiff H.N. is a student with a disability pursuant to 20 U.S.C. § 1401 (3)(A).   He has been classified by the Defendant as a student with Autism.

27.    Plaintiff T.N. is H.N.'s ("H.N." or "Student") parent.

28.    Plaintiff U.P. is a student with a disability pursuant to 20 U.S.C. § 1401 (3)(A).   He has been classified by the Defendant as a student with a Autism.

29.    Plaintiff J.P. is U.P.'s ("U.P." or "Student") parent.

30.    Plaintiff G.P.S. is a student with a disability pursuant to 20 U.S.C. § 1401 (3)(A).  He has been classified by the Defendant as a student with Autism.

31.     Plaintiff C.P. is G.P.S.'s ("G.P.S" or "Student") parent.

32.    Plaintiff A.P. is a student with a disability pursuant to 20 U.S.C. § 1401 (3)(A).   He has been classified by the Defendant as a student with Autism.

33.    Plaintiff G.P. is A.P.'s ("A.P." or "Student") parent.

34.    Plaintiff J.R. is a student with a disability pursuant to 20 U.S.C. § 1401 (3)(A).   He has been classified by the Defendant as a student with Other Health Impairment.

35.    Plaintiff R.R. is J.R.'s ("J.R." or "Student") parent.

36.    Plaintiff D.P. is a student with a disability pursuant to 20 U.S.C. § 1401 (3)(A).   He has been classified by the Defendant as a student with a Learning Disability.

37.    Plaintiff J.R. is D.P.'s ("D.P." or "Student") parent.

38.    Plaintiff S.M.R. is a student with a disability pursuant to 20 U.S.C. § 1401 (3)(A).   He has been classified by the Defendant as a student with a Learning Disability.

39.    Plaintiff Y.R. is S.M.R.'s ("S.M.R." or "Student") parent.

40.    Plaintiff A.S. is a student with a disability pursuant to 20 U.S.C. § 1401 (3)(A).   She has been classified by the Defendant as a student with Autism.

41.    Plaintiff S.S. is A.S.'s ("A.S." or "Student") parent.

42.    Plaintiff M.T. is a student with a disability pursuant to 20 U.S.C. § 1401 (3)(A).  She has been classified by the Defendant as a student with a Learning Disability.

43.    Plaintiff C.T. is M.T's ("M.T." or "Student") parent.

44.    Plaintiff E.G. is a student with a disability pursuant to 20 U.S.C. § 1401 (3)(A). He has been classified by the Defendant as a student with Other Health Impairment.

45.    Plaintiff I.V. is E.G.'s ("E.G." or "Student") parent.

46.    Plaintiff R.Y. is a student with a disability pursuant to 20 U.S.C. § 1401 (3)(A).  He has been classified by the Defendant as a student with a Speech or Language Impairment.

47.     Plaintiff I.Y. is R.Y.'s ("R.Y" or "Student") parent.

48.    Plaintiffs all reside within the boundaries of the New York City Department of Education or resided there during all point relevant to the hearings and to this action.

49.    Upon information and belief, Defendant, the District, is a duly constituted school District organized under the laws of the State of New York, and is the agency charged with the obligation to provide all the listed students herein with a free and appropriate public education ("FAPE") in accordance with the mandates of the IDIEA and the New York State Education Law, for the school years germane to this action.

50.    Plaintiffs respectfully request that the Court accept this Complaint to hear the related Motions for Attorney fees, as the law firm of Littman Krooks LLP ("Littman Krooks") has represented each of the Plaintiffs and all Plaintiffs have prevailed in all the underlying administrative decisions.

## FACTS

**T.C. individually and on behalf of T.C.**

51.    Plaintiff T.C. retained the services of Littman Krooks for the purposes of requesting an impartial due process hearing against the Defendant pursuant to the IDIEA and New York State law regarding the Defendant's failure to provide T.C. with a FAPE for the 2018-2019, 2019-2020 and 2020-2021 school years.

52.    On April 4, 2021, Littman Krooks drafted and filed a DPC alleging that the Defendant failed to offer T.C. a FAPE, and requested relief.

53.    Impartial Hearing Officer ("IHO"), Audrey Daniel, Esq. was duly appointed to preside over the matter on June 7, 2021.  The matter was captioned as Case Number 207614.

54.    The Impartial Hearing commenced and concluded on July 29, 2021.

55.    At the conclusion of the Impartial Hearing, Plaintiff submitted a post hearing brief in support of her request for relief.  In the post hearing brief, the Plaintiff T.C. requested the following relief: an independent neuropsychological evaluation; 900 hours of compensatory tutoring services; 80 hours of compensatory counseling; 80 hours of Occupational Therapy; 80 hours of Physical Therapy; and 80 hours of compensatory speech language therapy.

56.    The Defendant failed to present a case or submit evidence.

57.    The Defendant did not submit a written closing statement.

58.     On August 11, 2021, the IHO issued a Findings of Fact and Decision in the instant matter.[2]
The IHO found that the Defendant failed to provide T.C. with a FAPE for the 2018-2019, 2019-
2020 and 2020-2021 school years.  The IHO ordered that Defendant to provide a bank of 900 hours
of compensatory tutoring; 80 hours of compensatory counseling; 80 hours of Occupational Therapy;
80 hours of Physical Therapy; and 80 hours of compensatory speech language therapy.

59.     The Defendant did not appeal the IHO's Decision and its time to do so has expired.  *See*
N.Y. Educ. L. § 4404(3).

60.     On September 22, 2021, Plaintiff, submitted a Fee Demand to Defendant in the amount of
Eighteen Thousand Six Hundred and Seventy-Five Dollars ($18,675.00).

61.     On September 30, 2021, Defendant acknowledged receipt of Plaintiff's Fee Demand and
provided contact information for the staff member assigned to the matter.

62.     The Parent followed up several times with the staff member to initiate negotiations.

63.     Till date, this matter remains unresolved.

**J.C. individually and on behalf of K.C.**

64.     Plaintiff J.C. retained the services of Littman Krooks for the purposes of requesting an
impartial due process hearing against the Defendant pursuant to the IDIEA and New York State
law regarding the Defendant's failure to provide K.C. with a FAPE for the 2018-2019, 2019-2020
and 2020-2021 school years.

65.     On March 23, 2021, Littman Krooks filed a DPC requesting an impartial hearing on the
Plaintiff's behalf. The DPC alleged that the Defendant failed to offer K.C. a FAPE, and requested
relief.

---

[2] A true copy of IHO Daniel's Findings of Fact and Decision is annexed hereto as Exhibit A.

66.    On June 8, 2021, IHO Harriet Gewirtz, Esq. was duly appointed to preside over the matter, which was captioned as Case Number 207451.

67.    The Impartial Hearing commenced and concluded on August 16, 2021.

68.    At the conclusion of the Impartial Hearing, Plaintiff submitted a post hearing brief in support of his request for relief.

69.    The Defendant also submitted a post hearing brief, requesting that the Parent's request for relief be denied.

70.    On August 31, 2021, the IHO issued a Findings of Fact and Decision in the instant matter. [3]  The IHO found that the Defendant failed to provide K.C. with a FAPE for the 2019-2020 and 2020-2021 school years.   The IHO ordered that Defendant to provide a bank of tutoring; evaluations and a CSE reconvene.

71.    The Defendant did not appeal the IHO's Decision and its time to do so has expired.  *See* N.Y. Educ. L. § 4404(3).

72.    On October 12, 2021, Plaintiff submitted a Fee Demand to Defendant in the amount of Fifteen Thousand Nine Hundred Sixty-Seven Dollars and Fifty Cents ($15,967.50).

73.    On October 19, 2021, Defendant acknowledged receipt of Plaintiff's Fee Demand and provided contact information for the staff member assigned to the matter.

74.    The staff member failed to initiate negotiations despite parent counsel's requests for same.

75.    Till date, this matter remains unresolved.

**E.C. individually and on behalf of K.C.**

76.    Plaintiff E.C. filed a Pro Se DPC on December 9, 2019, requesting an impartial hearing.

---

[3] A true copy of IHO Gewirtz's Findings of Fact and Decision is annexed hereto as Exhibit B.

77.    On June 19, 2020, IHO Susan M. Barbour, Esq. was duly appointed to preside over the matter. The matter was captioned as Case Number 191924.

78.    Subsequently, Plaintiff E.C. retained the services of Littman Krooks for the purposes of requesting an impartial due process hearing against the Defendant pursuant to the IDIEA and New York State law regarding the Defendant's failure to provide K.C. with a FAPE for the 2018-2019 and 2019-2020 school years.

79.    On August 10, 2020, Littman Krooks filed an amended DPC requesting an impartial hearing on the Plaintiff's behalf. The DPC alleged that the Defendant failed to offer A.D. a FAPE, and requested relief.

80.    The Impartial Hearing commenced on June 29, 2020, continued on July 10, 2020, August 17, 2020, September 17, 2020, and November 5, 2020, and concluded on December 3, 2020.

81.    On August 2, 2021, the IHO issued a Findings of Fact and Decision in the instant matter.[4] The IHO found that the Defendant failed to provide a FAPE to K.C. for the 2018-2019 and 2019-2020 school years.  The IHO ordered the Defendant to conduct a speech and language evaluation, an occupational therapy evaluation, and a psychoeducational evaluation; and provide 40 sessions of OT, 146 sessions of Speech and 25 sessions of counseling.

82.    The Defendant did not appeal the IHO's Decision and its time to do so has expired.  *See* N.Y. Educ. L. § 4404(3).

83.    On September 13, 2021, Plaintiff submitted a Fee Demand to Defendant in the amount of Thirty Three Thousand Six Hundred Ninety Seven Dollars and Fifty Cents ($33,697.50).

84.    On September 22, 2021, Defendant acknowledged receipt of Plaintiff's Fee Demand and provided contact information for the staff member assigned to the matter.

---

[4] A true copy of IHO Barbour's Findings of Fact and Decision is annexed hereto as Exhibit C.

85.    Till date, this matter remains unresolved.

**O.D. individually and on behalf of J.M.**

86.    Plaintiff O.D. retained the services of Littman Krooks for the purposes of requesting an impartial due process hearing against the Defendant pursuant to the IDIEA and New York State law regarding the Defendant's failure to provide J.M. with a FAPE for the 2018-2019, 2019-2020 and 2020-2021 school years.

87.    On April 13, 2021, Littman Krooks filed a DPC requesting an impartial hearing on the Plaintiff's behalf. The DPC alleged that the Defendant failed to offer J.M. a FAPE, and requested relief.

88.    On June 8, 2021, IHO Harriet Gewirtz, Esq. was duly appointed to preside over the matter. The matter was captioned as Case Number 207828.

89.    The Impartial Hearing took place on September 27, 2021.

90.    At the conclusion of the Impartial Hearing, Plaintiff submitted a post hearing brief in support of her request for relief

91.    The Defendant also submitted a post hearing brief, requesting that the Parent's request for relief be denied.

92.    On October 15, 2021, the IHO issued a Findings of Fact and Decision in the instant matter.[5] The IHO found that the Defendant failed to provide a FAPE to J.M. for the 2018-2019, 2019-2020 and 2020-2021 school years.  The IHO ordered the Defendant to fund 400 hours of compensatory tutoring; fund an Occupational Therapy evaluation; and reconvene the CSE.

93.    The Defendant did not appeal the IHO's Decision and its time to do so has expired.  *See* N.Y. Educ. L. § 4404(3).

---

[5] A true copy of IHO Gewirtz's Findings of Fact and Decision is annexed hereto as Exhibit D.

94.     On November 24, 2021, Plaintiff submitted a Fee Demand to Defendant in the amount of Seventeen Thousand, Five Hundred Eighty-Seven Dollars and Fifty Cents ($17,587.50).

95.     On December 6, 2021, Defendant acknowledged receipt of Plaintiff's Fee Demand and provided contact information for the staff member assigned to the matter.

96.     Till date, this matter remains unresolved.

**E.G. individually and on behalf of M.G.**

97.     Plaintiff E.G. retained the services of Littman Krooks for the purposes of requesting an impartial due process hearing against the Defendant pursuant to the IDIEA and New York State law regarding the Defendant's failure to provide M.G. with a FAPE for the 2018-2019, 2019-2020 and 2020-2021 school years.

98.     On February 16, 2021, Littman Krooks filed a DPC requesting an impartial hearing on the Plaintiff's behalf. The DPC alleged that the Defendant failed to offer M.G. a FAPE for said years and requested relief.

99.     On June 6, 2021, IHO Harriet Gewirtz, Esq. was duly appointed to preside over the matter, which was captioned as Case Number 206766.

100.    The Impartial Hearing took place on August 11, 2021.

101.    At the conclusion of the Impartial Hearing, Plaintiff submitted a post hearing brief in support of her request for relief.

102.    The Defendant also submitted a post hearing brief, requesting that the Parent's request for relief be denied.

103.    On August 26, 2021, the IHO issued a Findings of Fact and Decision in the instant matter.[6] The IHO found that the Defendant denied M.G. a FAPE for the 2018-2019, 2019-2020 and 2020-

---

[6] A true copy of IHO Gewirtz's Findings of Fact and Decision is annexed hereto as Exhibit E.

2021 school years. The IHO ordered the Defendant to fund a bank of Eight Hundred (800) hours of 1:1 tutoring; provide Eighty (80) hours of compensatory counseling services; and provide Eighty (80) hours of speech and language therapy services. The IHO also directed the Defendant to provide metro cards for transportation to and from the compensatory services.

104.    The Defendant did not appeal the IHO's Decision and its time to do so has expired. *See* N.Y. Educ. L. § 4404(3).

105.    On October 5, 2021, Plaintiff submitted a Fee Demand to Defendant in the amount of Sixteen Thousand Eight Hundred Forty Five Dollars ($16,845.00).

106.    On October 7, 2021, Defendant acknowledged receipt of Plaintiff's Fee Demand and provided contact information for the staff member assigned to the matter.

107.    To date this claim remains unresolved.

**R.G. individually and on behalf of A.G.**

108.    Plaintiff R.G. retained the services of Littman Krooks for the purposes of requesting an impartial due process hearing against the Defendant pursuant to the IDIEA and New York State law regarding the Defendant's failure to provide A.G. with a FAPE for the 2019-2020, 2020-2021 and 2021-2022 school years.

109.    On April 26, 2021, Littman Krooks filed a DPC requesting an impartial hearing on the Plaintiff's behalf. The DPC alleged that the Defendant failed to offer A.G. a FAPE for said years and requested relief.

110.    On June 15, 2021, IHO Vandana Chak, Esq. was duly appointed to preside over the matter, which was captioned as Case Number 208037.

111.    The Impartial Hearing took place on June 25, 2021, November 3, 2021, December 9, 2021, December 21, 2021 and January 20, 2022.

112.    At the conclusion of the Impartial Hearing, Plaintiff submitted a post hearing brief in support of her request for relief.

113.    On February 21, 2022, the IHO issued a Findings of Fact and Decision in the instant matter.[7]    The IHO found that the Defendant denied A.G. a FAPE for the 2019-2020, 2020-2021 and 2021-2022 school years.    The IHO ordered the Defendant to convene the CSE; increase the duration of related services of Occupational Therapy, Physical Therapy and Speech and Language Therapy to 45 minutes; increase Physical therapy services on A.G.'s IEP; include an hour per week of PROMPT therapy on the IEP;    fund an independent psycho-educational evaluation; conduct an Assistive Technology evaluation; provide appropriate Home Instruction for 10 hours per week; fund 200 hours of compensatory PROMPT Therapy; fund 100 hours of compensatory Speech and Language Therapy; fund 100 hours of compensatory Occupational Therapy; fund 260 hours of Compensatory Home Instruction; and fund 100 hours of Compensatory Physical Therapy.

114.    The Defendant did not appeal the IHO's Decision and its time to do so has expired.    *See* N.Y. Educ. L. § 4404(3).

115.    On April 4, 2022, Plaintiff submitted a Fee Demand to Defendant in the amount of Twenty Two Thousand Nine Hundred Fifty Three Dollars and Seventy Five Cents ($22,953.75).

116.    On April 6, 2022, Defendant acknowledged receipt of Plaintiff's Fee Demand and provided contact information for the staff member assigned to the matter.

117.    To date this claim remains unresolved.

**J.H. individually and on behalf of L.S3**

118.    On February 5, 2020, Plaintiff J.H. filed a pro se request for an impartial hearing.

---

[7] A true copy of IHO Chak's Findings of Fact and Decision is annexed hereto as Exhibit F.

119.    Subsequently, Plaintiff N.H. retained the services of Littman Krooks for the purposes of requesting an impartial due process hearing against the Defendant pursuant to the IDIEA and New York State law regarding the Defendant's failure to provide L.S.3 with a FAPE for the 2019-2020 and 2020-2021 school years.

120.    On July 19, 2021, Littman Krooks filed a DPC requesting an impartial hearing on the Plaintiff's behalf. The DPC alleged that the Defendant failed to offer N.H. a FAPE and requested relief.

121.    IHO Leah L. Murphy, Esq. was duly appointed to preside over the matter. The matter was captioned as Case Number 192515.

122.    The Impartial Hearing took place on August 25, 2020, September 25, 2020, October 13, 2020, November 19, 2020, January 13, 2021, February 25, 2021, March 30, 2021, May 11, 2021, June 2, 2021, and February 2, 2022.

123.    At the conclusion of the Impartial Hearing, Plaintiff submitted a post hearing brief in support of her request for relief.

124.    The Defendant did not submit a post hearing brief.

125.    On April 13, 2021, the IHO issued a Findings of Fact and Decision in the instant matter.[8] The IHO found that the Defendant's defaulted in its burden and failed to provide L.S.3 with a FAPE for the 2019-2020 and 2020-2021 school year. The IHO ordered the Defendant to fund a bank of six-hundred (600) hours of individual tutoring at the enhanced rate of $140.00 per hour and arrange for a bank of eighty hours each of compensatory speech and language therapy and occupational therapy at an enhanced rate not to exceed $210.00 per hour.

---

[8] A true copy of IHO Murphy's Findings of Fact and Decision is annexed hereto as Exhibit G.

126.    The Defendant did not appeal the IHO's Decision and it's time to do so has expired.  *See* N.Y. Educ. L. § 4404(3).

127.    On May 23, 2022, Plaintiff submitted a Fee Demand to Defendant in the amount of Seventeen Thousand Six Hundred Eighty Three Dollars and Seventy Five cents ($17,683.75).

128.    On May 31, 2022, Defendant acknowledged receipt of Plaintiff's Fee Demand and provided contact information for the staff member assigned to the matter.

129.    To date, this matter remains unresolved.

**N.H. individually and on behalf of N.H.**

130.    Plaintiff N.H. retained the services of Littman Krooks for the purposes of requesting an impartial due process hearing against the Defendant pursuant to the IDIEA and New York State law regarding the Defendant's failure to provide N.H. with a FAPE for the 2019-2020 and 2020-2021 school years.

131.    On July 28, 2021, Littman Krooks filed a DPC requesting an impartial hearing on the Plaintiff's behalf. The DPC alleged that the Defendant failed to offer N.H. a FAPE and requested relief.

132.    On July 29, 2021, IHO Keila Tennent, Esq. was duly appointed to preside over the matter. The matter was captioned as Case Number 211350.

133.    The Impartial Hearing took place on October 15, 2021.

134.    At the conclusion of the Impartial Hearing, Plaintiff submitted a post hearing brief in support of her request for relief.

135.    The Defendant did not submit a post hearing brief.

136.    On October 31, 2021, the IHO issued a Findings of Fact and Decision in the instant matter.[9]

The IHO found that the Defendant's defaulted in its burden and failed to provide N.H. with a FAPE

for the 2019-2020 and 2020-2021 school year. The IHO ordered the Defendant to convene the

CSE and consider CBST deferral; fund at least 400 hours (5x/week for 40 weeks) of compensatory

tutoring; fund at least 400 hours (5x/week for 40 weeks) of compensatory behavioral (ABA)

therapy; and fund 80 hours of compensatory speech, OT, counseling.

137.    The Defendant did not appeal the IHO's Decision and it's time to do so has expired.  *See*

N.Y. Educ. L. § 4404(3).

138.    On March 1, 2022, Plaintiff submitted a Fee Demand to Defendant in the amount of

Twenty-Five Thousand One Hundred Five Dollars ($25,105.00).

139.    On March 3, 2022, Defendant acknowledged receipt of Plaintiff's Fee Demand and

provided contact information for the staff member assigned to the matter.

140.    To date, this matter remains unresolved.

**M.K. individually and on behalf of J.K.**

141.    Plaintiff M.K. retained the services of Littman Krooks for the purposes of requesting an

impartial due process hearing against the Defendant pursuant to the IDIEA and New York State

law regarding the Defendant's failure to provide J.K. with a FAPE for the 2019-2020 and 2020-

2021 school years.

142.    On September 29, 2021, Littman Krooks filed a DPC requesting an impartial hearing on

the Plaintiff's behalf. The DPC alleged that the Defendant failed to offer J.K. a FAPE for said

years and requested relief.

---

[9] A true copy of IHO Tennent's Findings of Fact and Decision is annexed hereto as Exhibit H.

143.    On October 4, 2021, IHO Jennifer Mazzei, Esq. was duly appointed to preside over the matter, which was captioned as Case Number 218395.

144.    The Impartial Hearing took place on January 28, 2022, and February 18, 2022.

145.    At the conclusion of the Impartial Hearing, Plaintiff submitted a post hearing brief in support of her request for relief.

146.    On March 4, 2022, the IHO issued a Findings of Fact and Decision in the instant matter.[10] The IHO found that the Defendant denied J.K. a FAPE for the 2019-2020 and 2020-2021 school years.  The IHO ordered the Defendant to convene the CSE; fund 400 hours of compensatory tutoring; fund 400 hours of behavioral therapy; and fund 80 hours each of compensatory Speech Language Therapy, Occupational Therapy and Counseling.

147.    The Defendant did not appeal the IHO's Decision and its time to do so has expired.  *See* N.Y. Educ. L. § 4404(3).

148.    On May 13, 2022, Plaintiff submitted a Fee Demand to Defendant in the amount of Twenty Two Thousand Three Hundred Six Dollars and Twenty Five Cents ($22,306.25).

149.    On May 20, 2022, Defendant acknowledged receipt of Plaintiff's Fee Demand and provided contact information for the staff member assigned to the matter.

150.    To date this claim remains unresolved.

**M.M. individually and on behalf of I.R.**

151.    Plaintiff M.M. retained the services of Littman Krooks for the purposes of requesting an impartial due process hearing against the Defendant pursuant to the IDIEA and New York State law regarding the Defendant's failure to provide I.R. with a FAPE for the 2018-2019, 2019-2020 and 2020-2021 school years.

---

[10] A true copy of IHO Mazzei's Findings of Fact and Decision is annexed hereto as Exhibit I.

152.    On February 4, 2021, Littman Krooks filed a DPC requesting an impartial hearing on the Plaintiff's behalf. The DPC alleged that the Defendant failed to offer I.R. a FAPE, and requested relief.

153.    On June 8, 2021, IHO Harriet Gewirtz, Esq. was duly appointed to preside over the matter, which was captioned as Case Number 206521.

154.    The Impartial Hearing took place on October 8, 2021 and November 10, 2021.

155.    The IHO issued an interim order for independent evaluations.

156.    At the conclusion of the Impartial Hearing, Plaintiff submitted a post hearing brief in support of her request for relief.

157.    The Defendant did not submit a post hearing brief.

158.    On November 24, 2021, the IHO issued a Findings of Fact and Decision in the instant matter.[11] The IHO found that the Defendant failed to provide I.R. a FAPE for the 2018-2019, 2019-2020 and 2020-2021 school years and ordered the Defendant to fun 700 hours of compensatory tutoring and convene a CSE to consider the independent evaluations.

159.    The Defendant did not appeal the IHO's Decision and its time to do so has expired. *See* N.Y. Educ. L. § 4404(3).

160.    On January 12, 2022, Plaintiff submitted a Fee Demand to Defendant in the amount of Twenty Thousand Four Hundred Eighty Dollars ($20,480.00).

161.    On January 26, 2022, Defendant acknowledged receipt of Plaintiff's Fee Demand and provided contact information for the staff member assigned to the matter.

162.    To date this claim remains unresolved.

---

[11] A true copy of IHO Gewirtz's Findings of Fact and Decision is annexed hereto as Exhibit J.

**M.M. individually and on behalf of C.P.**

163.    The Plaintiff M.M. filed a Pro Se DPC on September 6, 2020, requesting an impartial hearing.

164.    Subsequently, Plaintiff M.M. retained the services of Littman Krooks for the purposes of requesting an impartial due process hearing against the Defendant pursuant to the IDIEA and New York State law regarding the Defendant's failure to provide C.P. with a FAPE for the 2018-2019, 2019-2020 and 2020-2021 school years.

165.    On June 8, 2021, IHO Vandana Chak, Esq. was duly appointed to preside over the matter, which was captioned as Case Number 203817.

166.    On April 7, 2021, Littman Krooks filed an amended DPC requesting an impartial hearing on the Plaintiff's behalf. The DPC alleged that the Defendant failed to offer C.P. a FAPE, and requested relief.

167.    The Impartial Hearing took place on July 12, 2021.

168.    On August 1, 2021, the IHO issued a Findings of Fact and Decision in the instant matter.[12] The IHO ordered that the Defendant reimburse the Plaintiff: $325.00 for the Developmental Vision Evaluation Report of August 11, 2020; $1,855.00 for the tests and re-evaluation dated October 15, 2020 by Dr. Gelfond-Polnariev; and $802.00 for the tests and re-evaluation dated February 4, 2021 by Dr. Gelfond-Polnariev.

169.    The Defendant did not appeal the IHO's Decision and its time to do so has expired. *See* N.Y. Educ. L. § 4404(3).

170.    On September 15, 2021, Plaintiff submitted a Fee Demand to Defendant in the amount of Sixteen Thousand Four Hundred Forty Dollars ($16,440.00).

---

[12] A true copy of IHO Chak's Findings of Fact and Decision is annexed hereto as Exhibit K.

171.    On September 13, 2021, Defendant acknowledged receipt of Plaintiff's Fee Demand and provided contact information for the staff member assigned to the matter.

172.    To date this claim remains unresolved.

**T.N. individually and on behalf of H.N.**

173.    Plaintiff T.N. retained the services of Littman Krooks for the purposes of requesting an impartial due process hearing against the Defendant pursuant to the IDIEA and New York State law regarding the Defendant's failure to provide H.N. with a FAPE for the 2018-2019, 2019-2020 and 2020-2021 school years.

174.    On February 16, 2021, Littman Krooks filed a DPC requesting an impartial hearing on the Plaintiff's behalf. The DPC alleged that the Defendant failed to offer H.N. a FAPE, and requested relief.

175.    On June 8, 2021, IHO Vandana Chak, Esq. was duly appointed to preside over the matter, which was captioned as Case Number 206762.

176.    The Impartial Hearing commenced on July 30, 2021; and concluded on September 7, 2021.

177.    On October 4, 2021, the IHO issued a Findings of Fact and Decision in the instant matter.[13] The IHO found that the Defendant denied H.N. a FAPE and ordered that the Defendant to conduct a Neuropsychological evaluation; fund an independent Speech Language Therapy evaluation; fund an independent Occupational Therapy evaluation; fund five hundred (500) hours of one on one in person sessions of compensatory tutoring by EBL Coaching LLC; shall fund a bank of eight (80) hours of compensatory speech and language services; and Metro Cards for transportation to and from the tuition center.

---

[13] A true copy of IHO Chak's Findings of Fact and Decision is annexed hereto as Exhibit L.

178.    The Defendant did not appeal the IHO's Decision and its time to do so has expired.  *See* N.Y. Educ. L. § 4404(3).

179.    On November 17, 2021, Plaintiff submitted a Fee Demand to Defendant in the amount of Twenty One Thousand Eight Hundred Ninety Seven Dollars and Fifty Cents ($21,897.50).

180.    On December 1, 2021, the Defendant acknowledged receipt of Plaintiff's Fee Demand and assigned a staff member to the matter.

181.    Till date, this matter remains unresolved.

**C.P. individually and on behalf of G.P.S.**

182.    Plaintiff C.P. retained the services of Littman Krooks for the purposes of requesting an impartial due process hearing against the Defendant pursuant to the IDIEA and New York State law regarding the Defendant's failure to provide G.P.S. with a FAPE for the 2019-2020, 2020-2021 and 2021-2022 school years.

183.    On December 20, 2021, Littman Krooks filed a DPC requesting an impartial hearing on the Plaintiff's behalf. The DPC alleged that the Defendant failed to offer G.P.S. a FAPE for said years and requested relief.

184.    On December 21, 2021, IHO Steven P. Forbes, Esq. was duly appointed to preside over the matter, which was captioned as Case Number 222964.

185.    The Impartial Hearing took place on February 15, 2022.

186.    On February 25, 2022, the IHO issued a Findings of Fact and Decision in the instant matter.[14]   The IHO found that the Defendant denied G.P.S. a FAPE for the 2019-2020, 2020-2021 and 2021-2022 school years.  The IHO ordered the Defendant to convene the CSE; fund 600 hours of tutoring; fund 80 hours of counseling; and for the remainder of the 2021-2022 school year,

---

[14] A true copy of IHO Forbes' Findings of Fact and Decision is annexed hereto as Exhibit M.

provide Counseling Services, Group of 2, once a week for 30 minutes; Occupational Therapy, Group of 2, twice a week for 30 minutes; Parent Counseling and Training, Group, once every five weeks for 60 minutes; Speech and Language Therapy, 1:1, twice a week for 30 minutes; and a Paraprofessional, Behavioral Support, 1:1, full day.

187.    The Defendant did not appeal the IHO's Decision and its time to do so has expired.  *See* N.Y. Educ. L. § 4404(3).

188.    On May 13, 2022, Plaintiff submitted a Fee Demand to Defendant in the amount of Eleven Thousand One Hundred Thirty Eight Dollars and Seventy Five Cents ($11,138.75).

189.    On May 24, 2022, Defendant acknowledged receipt of Plaintiff's Fee Demand and provided contact information for the staff member assigned to the matter.

190.    To date this claim remains unresolved.

**J.P individually and on behalf of U.P.**

191.    The Plaintiff J.P. filed a Pro Se DPC on June 27, 2020, requesting an impartial hearing.

192.    Subsequently, Plaintiff J.P. retained the services of Littman Krooks for the purposes of requesting an impartial due process hearing against the Defendant pursuant to the IDIEA and New York State law regarding the Defendant's failure to provide U.P. with a FAPE for the 2019-2020 and 2020-2021 school years.

193.    On November 16, 2020, IHO Diane Cohen, Esq. was duly appointed to preside over the matter, which was captioned as Case Number 194727.

194.    On December 17, 2020, Littman Krooks filed an amended DPC requesting an impartial hearing on the Plaintiff's behalf. The DPC alleged that the Defendant failed to offer U.P. a FAPE, and requested relief.

195.    There were status conferences on November 24, 2020, December 18, 2020 and January 22,

2021. The hearing took place on February 26, 2021, and March 17, 2021.

196.    On April 20, 2021, the IHO issued a Findings of Fact and Decision in the instant matter.[15]

The IHO found that the Defendant failed to provide U.P. with a FAPE for the 2019-2020 and 2020-

2021 school years.  The IHO ordered the Defendant to reimburse the Plaintiff for the cost of the

ABA evaluation by Proud Moments in the amount of $1,000; fund 500 hours of ABA services at

a rate of up to $125 per hour; fund independent evaluations including: an occupational therapy

evaluation, a speech language therapy evaluation, an audiological evaluation, a physical therapy

evaluation, an assistive technology evaluation and a neuropsychological evaluation; fund

compensatory services consisting of: 80 hours of compensatory OT, 40 hours of compensatory PT,

40 hours of compensatory SLT and 40 hours of compensatory counseling; conduct an FBA; and

convene a CSE within two weeks of the completion of the ordered evaluations.

197.    The Defendant did not appeal the IHO's Decision and its time to do so has expired.  *See*

N.Y. Educ. L. § 4404(3).

198.    On June 1, 2021, Plaintiff submitted a Fee Demand to Defendant in the amount of Fifteen

Thousand One Hundred Seventy Six Dollars and Twenty Five Cents ($15,176.25).

199.    On June 3, 2021, the Defendant acknowledged receipt of Plaintiff's Fee Demand and

provided contact information for the staff member assigned to the matter.

200.    Till date, this matter remains unresolved.

**G.P. individually and on behalf of A.P.**

201.    Plaintiff G.P. retained the services of Littman Krooks for the purposes of requesting an

impartial due process hearing against the Defendant pursuant to the IDIEA and New York State

---

[15] A true copy of IHO Cohen's Findings of Fact and Decision is annexed hereto as Exhibit N.

law regarding the Defendant's failure to provide A.P. with a FAPE for the 2018-2019, and 2019-2020 school years.

202.    On February 18, 2020, Littman Krooks filed a DPC requesting an impartial hearing on the Plaintiff's behalf. The DPC alleged that the Defendant failed to offer A.P. a FAPE, and requested relief.

203.    On July 27, 2020, IHO Leah L. Murphy, Esq. was duly appointed to preside over the matter, which was captioned as Case Number 192736.

204.    The Impartial Hearing took place on October 27, 2020.

205.    On April 5, 2021, the IHO issued a Findings of Fact and Decision in the instant matter.[16] The IHO found that the Defendant failed to provide a FAPE to A.P. for 2018-2019 and 2019-2020 school years.  The IHO ordered that the District to refer the student to the CBST for the student to be placed in a small class in a state approved non-public school which can provide the student with an ABA program throughout the school day to address his significant behavioral and academic needs; include within its recommendation the provision of an individual paraprofessional for the student's need for safety, structure and support for his medical condition of asthma; conduct the following evaluations: occupational therapy; physical therapy and speech and language therapy evaluations;  fund an ABA assessment, Functional Behavior Assessment and Behavior Treatment plan.

206.    The Defendant did not appeal the IHO's Decision and its time to do so has expired.  *See* N.Y. Educ. L. § 4404(3).

207.    On June 1, 2021, Plaintiff submitted a Fee Demand to Defendant in the amount of Twenty One Thousand Three Hundred Fifty Six Dollars and Twenty Five cents ($21,356.25).

---

[16] A true copy of IHO Murphy's Findings of Fact and Decision is annexed hereto as Exhibit O.

208.   On June 3, 2021, the Defendant acknowledged receipt of Plaintiff's Fee Demand and assigned a staff member to the matter.

209.   Till date, this matter remains unresolved.

**R.R. individually and on behalf of J.R.**

210.   Plaintiff R.R. retained the services of Littman Krooks for the purposes of requesting an impartial due process hearing against the Defendant pursuant to the IDIEA and New York State law regarding the Defendant's failure to provide J.R. with a FAPE for the 2020-2021 school year.

211.   On July 30, 2020, Littman Krooks filed a DPC requesting an impartial hearing on the Plaintiff's behalf. The DPC alleged that the Defendant failed to offer J.K. a FAPE, and requested relief.

212.   IHO Mindy G. Wolman, Esq. was duly appointed to preside over the matter on January 15, 2021, which was captioned as Case Number 196714.

213.   The hearing commenced on February 24, 2021, and continued on March 7, 2021, May 5, 2021, and May 11, 2021.

214.   At the conclusion of the Impartial Hearing, Plaintiff submitted a post hearing brief in support of her request for relief.

215.   On September 9, 2021, the IHO issued a Findings of Fact and Decision in the instant matter.[17]  The IHO found that the Defendant failed to provide J.R. with a FAPE for the 2020-2021 school year.  The IHO ordered the Defendant to fund the cost of the Student's 2020-2021 ten month school year placement at the Private School, in a total amount not to exceed $35,341.000, by issuing reimbursement to the Parent; and fund an independent neuropsychological evaluation.

---

[17] A true copy of IHO Wolman's Findings of Fact and Decision is annexed hereto as Exhibit P.

216.    The Defendant did not appeal the IHO's Decision and its time to do so has expired.  *See* N.Y. Educ. L. § 4404(3).

217.    On October 19, 2021, Plaintiff submitted a Fee Demand to Defendant in the amount of Thirty Six Thousand Ninety Seven Dollars and Fifty cents ($36,097.50).

218.     On October 26, 2021, Defendant acknowledged receipt of Plaintiff's Fee Demand and provided contact information for the staff member assigned to the matter.

219.    To date this claim remains unresolved.

**J.R. individually and on behalf of D.P.**

220.    Plaintiff J.R. retained the services of Littman Krooks for the purposes of requesting an impartial due process hearing against the Defendant pursuant to the IDIEA and New York State law regarding the Defendant's failure to provide D.P. with a FAPE for the 2017-2018, 2018-2019 and 2019-2020 school years.

221.    On December 12, 2019, Littman Krooks filed a DPC requesting an impartial hearing on the Plaintiff's behalf. The DPC alleged that the Defendant failed to offer D.P. a FAPE, and requested relief.

222.    On May 29, 2020, IHO Suzanne M. Carter, Esq. was duly appointed to preside over the matter, which was captioned as Case Number 191505.

223.    On June 4, 2020, the IHO issued an interim order and directed the Defendant to fund an independent neuropsychological evaluation, an independent OT evaluation, and an independent Speech language evaluation.

224.    The Impartial Hearing commenced on November 24, 2020 and concluded on December 21, 2020.

225.    On March 31, 2021, the IHO issued a Findings of Fact and Decision in the instant matter.
[18]  The IHO found that the Defendant failed to provide D.P. a FAPE for the 2017-2018, 2018-2019 and 2019-2020 school years.  The IHO ordered that Defendant to reconvene the CSE; defer Student's case to CBST for a nonpublic school placement; fund 500 hours of compensatory education; and provide MetroCards for roundtrip transportation.

226.    The Defendant did not appeal the IHO's Decision and its time to do so has expired.  *See* N.Y. Educ. L. § 4404(3).

227.    On June 17, 2021, Plaintiff submitted a Fee Demand to Defendant in the amount Nineteen Thousand Nine Hundred Twelve Dollars and Fifty cents ($19,912.50).

228.    On June 22, 2021, Defendant acknowledged receipt of Plaintiff's Fee Demand and provided contact information for the staff member assigned to the matter.

229.    Till date, this matter remains unresolved.

**Y.R. individually and on behalf of S.M.R.**

230.    Plaintiff Y.R. retained the services of Littman Krooks for the purposes of requesting an impartial due process hearing against the Defendant pursuant to the IDIEA and New York State law regarding the Defendant's failure to provide S.M.R. with a FAPE for the 2019-2020, 2020-2021 and 2021-2022 school years.

231.    On October 26, 2021, Littman Krooks filed a DPC requesting an impartial hearing on the Plaintiff's behalf. The DPC alleged that the Defendant failed to offer S.M.R. a FAPE, and requested relief.

232.    On November 1, 2021, IHO Randy Glasser, Esq. was duly appointed to preside over the matter, which was captioned as Case Number 220453.

---

[18] A true copy of IHO Carter's Findings of Fact and Decision is annexed hereto as Exhibit Q.

233.    The Impartial Hearing commenced on December 16, 2021, and concluded on January 10, 2022.

234.    At the conclusion of the Impartial Hearing, Plaintiff submitted a post hearing brief in support of her request for relief.

235.    On February 22, 2022, the IHO issued a Findings of Fact and Decision in the instant matter. [19]  The IHO found that the Defendant failed to provide S.M.R. a FAPE for the 2019-2020, 2020-2021 and 2021-2022 school years.  The IHO ordered that Defendant to convene the CSE and defer to the CBST in order to recommend an appropriate nonpublic school placement for the Student; and fund a total of One Thousand Two Hundred (1,200) hours of Academic Tutoring of the Student.

236.    The Defendant did not appeal the IHO's Decision and its time to do so has expired.  *See* N.Y. Educ. L. § 4404(3).

237.    On April 4, 2022, Plaintiff submitted a Fee Demand to Defendant in the amount Twenty Seven Thousand Three Hundred Fifty Five Dollars ($27,355.00).

238.    On April 6, 2022, Defendant acknowledged receipt of Plaintiff's Fee Demand and provided contact information for the staff member assigned to the matter.

239.    Till date, this matter remains unresolved.

**S.S. individually and on behalf of A.S.**

240.    Plaintiff S.S. retained the services of Littman Krooks for the purposes of requesting an impartial due process hearing against the Defendant pursuant to the IDIEA and New York State law regarding the Defendant's failure to provide A.S. with a FAPE for the 2017-2018, 2018-2019, 2019-2020 and 2020-2021 school years.

---

[19] A true copy of IHO Glasser's Findings of Fact and Decision is annexed hereto as Exhibit R.

241.    On January 7, 2020, Littman Krooks filed a DPC requesting an impartial hearing on the Plaintiff's behalf. The DPC alleged that the Defendant failed to offer A.S. a FAPE, and requested relief.

242.    IHO Leah L. Murphy, Esq. was duly appointed to preside over the matter on April 19, 2019, which was captioned as Case Number 191976.

243.    On July 24, 2020, Littman Krooks LLP filed an amended DPC.

244.    The Impartial Hearing took place on July 2, 2020, October 7, 2020, and December 16, 2020.

245.    At the conclusion of the Impartial Hearing, Plaintiff submitted a post hearing brief in support of her request for relief.

246.    On May 27, 2021, the IHO issued a Findings of Fact and Decision in the instant matter.[20] The IHO found that the Defendant failed to provide A.S. with a FAPE for the 2018-2019, 2019-2020 and 2020-2021 school years. The IHO ordered the Defendant to defer the student to the CBST for the student to be placed in a small class in a non-public school; and fund a bank of six hundred hours of individual tutoring sessions to be provided by EBL coaching at a rate of $125.00.

247.    The Defendant did not appeal the IHO's Decision and its time to do so has expired.  *See* N.Y. Educ. L. § 4404(3).

248.    On July 29, 2021, Plaintiff submitted a Fee Demand to Defendant in the amount of Twenty Five Thousand Six Dollars and Twenty Five cents ($25,006.25).

249.    The Defendant acknowledged the Plaintiff's fee demand on August 2, 2021 and assigned a staff member to handle the matter.

250.    Till date, this matter remains unresolved.

---

[20] A true copy of IHO Murphy's Findings of Fact and Decision is annexed hereto as Exhibit S.

**C.T. individually and on behalf of M.T.**

251.    Plaintiff C.T. retained the services of Littman Krooks for the purposes of requesting an impartial due process hearing against the Defendant pursuant to the IDIEA and New York State law regarding the Defendant's failure to provide M.T. with a FAPE for the 2017-2018, 2018-2019 and 2019-2020 school years.

252.    On September 13, 2019, Littman Krooks filed a DPC requesting an impartial hearing on the Plaintiff's behalf. The DPC alleged that the Defendant failed to offer M.T. a FAPE, and requested relief.

253.    On September 13, 2019, IHO Edgar De Leon, Esq. was duly appointed to preside over the matter, which was captioned as Case Number 188972.

254.    The Impartial Hearing took place on October 7, 2020 and December 16, 2020.

255.    At the conclusion of the Impartial Hearing, Plaintiff submitted a post hearing brief in support of her request for relief.

256.    On March 19, 2021, the IHO issued a Findings of Fact and Decision in the instant matter. [21]   The IHO found that the Defendant failed to provide FAPE for the three years in question.  The IHO ordered the Defendant to pay the cost of the student's receipt of 450 hours of academic tutoring at the rate of $125 per an hour of instruction; pay the cost of 100 hours each of speech and language therapy, occupational therapy and counseling services, at a rate not to exceed $210 per hour for each service; conduct evaluations of the student in all areas of her suspected disabilities, not evaluated within the last two years; and reconvene the CSE.

257.    The Defendant did not appeal the IHO's Decision and its time to do so has expired.  *See* N.Y. Educ. L. § 4404(3).

---

[21] A true copy of IHO De Leon's Findings of Fact and Decision is annexed hereto as Exhibit T.

258.    On June 1, 2021, Plaintiff submitted a Fee Demand to Defendant.

259.    On June 4, 2021, Defendant acknowledged receipt of Plaintiff's Fee Demand and provided

contact information for the staff member assigned to the matter.

260.    To date, the fees in the amount of Fourteen Thousand Four Hundred Forty One Dollars and

Twenty Five cents ($14,441.25) remain unresolved.

## I.V. individually and on behalf of E.G

261.    Plaintiff I.V. retained the services of Littman Krooks for the purposes of requesting an

impartial due process hearing against the Defendant pursuant to the IDIEA and New York State

law regarding the Defendant's failure to provide E.G. with a FAPE for the 2019-2020 and 2020-

2021 school years.

262.    On June 3, 2021, Littman Krooks filed a DPC requesting an impartial hearing on the

Plaintiff's behalf. The DPC alleged that the Defendant failed to offer E.G. a FAPE, and requested

relief.

263.    On June 14, 2021, IHO Steven Forbes, Esq. was duly appointed to preside over the matter,

which was captioned as Case Number 208638.

264.    The Impartial Hearing took place on July 26, 2021.

265.    On August 2, 2021, the IHO issued a Findings of Fact and Decision in the instant matter.[22]

The IHO found that the Defendant denied E.G. a FAPE for the 2019-2020 and 2020-2021 school

years.  The IHO ordered that the Defendant to fund 400 hours SETSS services (tutoring); fund 80

hours of compensatory related services (speech therapy, occupational therapy and counseling); and

reconvene a CSE and include an Assistive Technology Evaluation.

---

[22] A true copy of IHO Forbes' Findings of Fact and Decision is annexed hereto as Exhibit U.

266.    The Defendant did not appeal the IHO's Decision and it's time to do so has expired.  *See*

N.Y. Educ. L. § 4404(3).

267.    On August 30, 2021, Plaintiff submitted a Fee Demand to Defendant in the amount of

Thirteen Thousand Seven Hundred Ninety-Two Dollars and Fifty cents ($13,792.50).

268.    On September 3, 2020, Defendant acknowledged receipt of Plaintiff's Fee Demand and

provided contact information for the staff member assigned to the matter.

269.    To date, the fees remain unsettled.

**I.Y. individually and on behalf of R.Y.**

270.    Plaintiff I.Y. retained the services of Littman Krooks for the purposes of requesting an

impartial due process hearing against the Defendant pursuant to the IDIEA and New York State

law regarding the Defendant's failure to provide R.Y. with a FAPE for the 2019-2020 and 2020-

2021 school years.

271.    On July 26, 2021, Littman Krooks filed a DPC requesting an impartial hearing on the

Plaintiff's behalf. The DPC alleged that the Defendant failed to offer R.Y. a FAPE for said years

and requested relief.

272.    On July 28, 2021, IHO Harriet Gewirtz, Esq. was duly appointed to preside over the matter,

which was captioned as Case Number 211293.

273.    The Impartial Hearing took place on February 2, 2022.

274.    At the conclusion of the Impartial Hearing, Plaintiff submitted a post hearing brief in

support of her request for relief.

275.    On February 13, 2022, the IHO issued a Findings of Fact and Decision in the instant

matter.[23]   The IHO found that the Defendant denied G.P.S. a FAPE for the 2019-2020 and 2020-

---

[23] A true copy of IHO Gewirtz' Findings of Fact and Decision is annexed hereto as Exhibit V.

2021 school years. The IHO ordered the Defendant to convene the CSE and fund 500 hours of compensatory tutoring.

276. The Defendant did not appeal the IHO's Decision and its time to do so has expired. *See* N.Y. Educ. L. § 4404(3).

277. On March 28, 2022, Plaintiff submitted a Fee Demand to Defendant in the amount of Seventeen Thousand One Hundred Ninety-Five Dollars ($17,195.00).

278. On March 30, 2022, Defendant acknowledged receipt of Plaintiff's Fee Demand and provided contact information for the staff member assigned to the matter.

279. To date this claim remains unresolved.

**AS AND FOR A FIRST CAUSE OF ACTION**

280. Plaintiff repeats and realleges paragraphs 1 through 280 as if more fully set forth herein.

281. Plaintiffs T.C., J.C., E.C., O.D., E.G., R.G., J.H., N.H., M.K., M.M., M.M., T.N., C.P., J.P., G.P., R.R., J.R., Y.R., S.S., C.T., I.V., and I.Y. have assigned to Plaintiff Law Offices of Littman Krooks LLP the right to attorney fees that arise from having prevailed in the administrative proceedings described above.

282. Plaintiff Littman Krooks LLP has submitted to the District a request for payment for services rendered on each of the administrative proceedings described above ("attorney fee claims").

283. Plaintiff Littman Krooks LLP has attempted, without success, to resolve the attorney fee claims.

284. Plaintiff Littman Krooks LLP hereby demands reasonable attorney fees and expenses pursuant to 20 U.S.C. §1415(i)(3) for services rendered on the above noted administrative proceedings.

285.    Defendant having not satisfied its obligation to pay attorney fees in a timely fashion, Plaintiffs demand prejudgment interest.

**AS AND FOR A SECOND CAUSE OF ACTION**

286.    Plaintiff repeats and realleges the allegations in paragraphs 1 through 286 as if fully set forth herein.

287.    Defendant has, upon information and belief, acted in bad faith by unduly delaying, through inappropriate practices and assigning inadequate staff, both provision of FAPE and payment of attorney fees, necessary for the provision of FAPE.

288.    Plaintiffs have relied on the representations of Defendant that it was settling cases to Plaintiff, to its detriment as such procedures have proven ineffective.

289.    Each Plaintiff was the prevailing party at the impartial hearing, and as such should receive an award of attorneys' fees within a reasonable time frame, pursuant to the procedures set forth by Defendant.

290.    The time expended by Littman Krooks' attorneys and paralegals in connection with the impartial hearing and this action for fees was reasonable in light of the legal services requested and performed.

291.    The costs and fees that Littman Krooks charged pursuant to the retainer for the impartial hearing are commensurate with market value in light of the experience and expertise of Counsel and the complexity of the issues involved.

292.    Defendant has developed a pattern of delay and failed to negotiate cases in a reasonable and timely manner.

WHEREFORE, Plaintiffs respectfully request that this Court:

(a) Assume jurisdiction of this action;

(b) Award LITTMAN KROOKS reasonable attorneys' fees and costs individually, in an amount to be determined at trial, totaling no less than Four Hundred Forty Five Thousand One Hundred Eleven Dollars and Twenty Five cents ($445,111.25) plus interest, as well as additional costs, and expenses, as well as the additional costs incurred in connection with the events leading to and the prosecution of this action to recover reasonable attorneys' fees based on each Plaintiff's success in the following underlying actions:

| | |
|---|---|
| T.C. individually and on behalf of T.C. | $18,675.00 |
| J.C. individually and on behalf of K.C. | $15,967.50 |
| E.C. individually and on behalf of K.C. | $33,697.50 |
| O.D. individually and on behalf of J.M. | $17,587.50 |
| E.G. individually and on behalf of M.G. | $16,845.00 |
| R.G. individually and on behalf of A.G. | $22,953.75 |
| J.H. individually and on behalf of L.S.3 | $17,683.75 |
| N.H. individually and on behalf of N.H. | $25,105.00 |
| M.K. individually and on behalf of J.K. | $22,306.25 |
| M.M. individually and on behalf of I.R. | $20,480.00 |
| M.M. individually and on behalf of C.P. | $16,440.00 |
| T.N. individually and on behalf of H.N. | $21,897.50 |
| C.P. individually and on behalf of G.P.S. | $11,138.75 |
| J.P individually and on behalf of U.P. | $15,176.25 |
| G.P. individually and on behalf of A.P. | $21,356.25 |
| R.R. individually and on behalf of J.R. | $36,097.50 |
| J.R. individually and on behalf of D.P. | $19,912.50 |
| Y.R. individually and on behalf of S.M.R. | $21,356.25 |
| S.S. individually and on behalf of A.S. | $25,006.25 |
| C.T. individually and on behalf of M.T. | $14,441.25 |
| I.V. individually and on behalf of E.G. | $13,792.50 |
| I.Y. individually and on behalf of R.Y. | $17,195.00 |
| | |
| Total | $445,111.25 |

(c) Award such other and further relief as the Court deems just and proper.

Dated: New York, New York
      June 24, 2022

                                           Arshi Pal, Esq.
                                           Littman Krooks LLP
                                           Attorney for Petitioners
                                         1325 Avenue of the Americas
                                         New York, New York 10019
                                         (914) 684-2100
                                         apal@littmankrooks.com


Of Counsel:  Marion M. Walsh, Esq.

36